**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

MARCELLUS H. BAKER, SR.,

     Plaintiff-Appellant,

v.

PUBLISHERS CLEARING HOUSE,

    Defendant-Appellee.

No. 10-3208
(D.Ct. No. 6:10-CV-01162-JAR-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Appellant Marcellus H. Baker, Sr., a *pro se* litigant, appeals the district court's dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983 and Kansas

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

law, against Appellee Publishers Clearing House and all its subsidiaries for failure to state a claim on which relief may be granted. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Procedural Background

On May 21, 2010, Mr. Baker filed his § 1983 complaint alleging Publishers Clearing House and all its subsidiaries violated his civil rights under both federal and state law when it sent him allegedly racially discriminatory e-mails associated with a sweepstakes giveaway of prizes. The district court granted Mr. Baker's request to proceed without prepayment of filing fees (*in forma pauperis*) pursuant to 28 U.S.C. § 1915(a)(1) and, later, on June 7, 2010, issued a notice and order to show cause to Mr. Baker, directing him to explain why his action should not be dismissed for failure to state a claim on which relief may be granted. Mr. Baker responded by attaching the e-mails sent to him by Publishers Clearing House which he alleged "[spoke] for themselves on this civil right's [sic] racial issue before the court."

Relying on 28 U.S.C. § 1915(e)(2)(B)(ii), 42 U.S.C. § 1983, and the Kansas Act Against Discrimination, K.S.A. § 44-1001, the district court *sua sponte* dismissed Mr. Baker's complaint on grounds it failed to state a claim on which relief may be granted. With respect to the federal statutes, the district court

determined Publishers Clearing House and its subsidiaries were not state actors within the meaning of 42 U.S.C. § 1983. It also explained the Kansas Act applied to discrimination in employment, free and public accommodations, and housing, and that Mr. Baker failed to allege an employment relationship with the defendant or that the Act would otherwise apply to the e-mails on which he brought his claim. Because the defendant was not an actor subject to liability under federal law and Mr. Baker failed to allege a relationship with Publishers Clearing House or its subsidiaries giving rise to a claim under Kansas law, the district court determined he failed to state a claim on which relief may be granted and dismissed his complaint.

## II. Discussion

Mr. Baker now appeals, making the same or similar arguments raised in his pleading dismissed by the district court. However, he fails to address the grounds on which the district court dismissed his pleading, other than to claim it erred in its ruling, is "out of touch" with his case, and is "just over stepping [its] authority." Nowhere does he provide argument as to why his instant pleading states a cause of action on which relief may be granted under 42 U.S.C. § 1983 or Kansas law.

"We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim," which is a de novo review. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In reviewing § 1915(e)(2)(B)(ii) dismissals "we look for plausibility in the complaint," and "[i]n particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (quotation marks and citation omitted). "Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Id.* (quotation marks and citation omitted). Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted), *cert. denied*, 130 S. Ct. 1142 (2010).

Applying this standard of review and applicable legal principles, we must affirm the district court's dismissal of Mr. Baker's complaint. For substantially the same reasons articulated by the district court, we conclude as a matter of law that Mr. Baker's allegations do not support a legal claim for relief. In sum, Mr. Baker fails to make plausible allegations either identifying the Appellee and its subsidiaries as state actors, which is a necessary element of a § 1983 claim, or

alleging an employment or other relationship with the Appellee, as required by Kansas law.

## III.  Conclusion

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Baker's complaint.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge